# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARVELT MISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-cv-978-JPG |
| | ) |
| T. J. COLLINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory and monetary relief for allegedly failing to protect him from an attack and for allegedly failing to provide him adequate medical care for injuries he suffered as a result of the attack. This case is now before the Court for a preliminary review of Plaintiff's amended complaint[1] pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or

---

[1]Plaintiff filed a motion to amend his complaint (Doc. 8) which the Court granted (Doc. 12).

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Also before the Court is Plaintiff's motion for a status report (Doc. 10) and his motion for appointment of counsel (Doc. 11).

**THE AMENDED COMPLAINT**

Briefly, Plaintiff alleges that while he was a pretrial detainee at the St. Clair County Jail (Jail) he was attacked by three other prisoners. Plaintiff claims that these prisoners attacked him in retaliation for Plaintiff laughing at C.O. Lemansky. Prior to the attack, Plaintiff asserts that he had written to Defendants Collins and Ripiden that he feared for his safety because Defendant Lemansky had told Plaintiff that "oh you're laughing, that's okay you aren't going to live long bitch." Liberally construing the complaint, Plaintiff alleges that Defendant Lemansky had a friendly relationship with inmate Young, that Young had been sent to the maximum segregation after attacking Plaintiff, and that Young was housed in the maximum segregation unit with the three inmates who ultimately attacked Plaintiff. Plaintiff asserts that Defendants Lemansky, Collins, and Ripiden failed to protect him from the attacks and/or actively plotted with the three inmates to carry out the attacks as retaliation for laughing at Lemansky.

As a result of the attack, Plaintiff claims that he suffered serious physical injuries. Plaintiff claims that Defendants Collins, Ampadu, Cole, Rodriguez, and Ruddlittle failed to provide him with adequate medical care for these injuries. Additionally, Plaintiff claims that Defendant Ruddlittle

2

destroyed his request for medical treatment.

**DISCUSSION**

At the outset, the Court notes that an amended complaint replaces the original complaint thereby rendering the original complaint void. *See Flannery v. Recording Indus. Assoc. Of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961). After a review of the allegations in the amended complaint, the Court is unable to dismiss any claim at this time.

With respect to Plaintiff's motion to appoint him counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has attempted to obtain counsel, but has not been successful in securing representation.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's failure to protect and inadequate medical care claims are not that factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case - especially those

3

filed prior to December 6, 2007[2] - this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case.

**DISPOSITION**

Plaintiff's motion for a status report (Doc. 10) is **DENIED** as moot.

Plaintiff's motion for the appointment of counsel (Doc. 11) is **DENIED**, without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Collins, Lemansky, Ampadu, Cole, Ripiden, Rodriguez, and Ruddlittle. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Collins, Lemansky, Ampadu, Cole, Ripiden, Roriguez, and Ruddlittle in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

---

[2] Plaintiff asserts that he has been assisted in this matter by another inmate at Menard since December 6, 2007.

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: September 29, 2008.**

                                             s/ J. Phil Gilbert
                                             **U. S. District Judge**