IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHARVELT MISTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **06-978-JPG** |
| | ) |
| **T.J. COLLINS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is "Plaintiff's Response to Defendant's Objections to Plaintiff's First Request for Production." (Doc. 42). The Court construes the subject motion as a motion to compel the defendants to produce: (1) any of plaintiff's mental health, medical or substance abuse treatment records; (2) documents in defendants' possession regarding their work history, and any prior lawsuits suits, incident reports, reprimands or complaints of misconduct lodged against them. Plaintiff contends: (1) the requested materials are relevant to his "failure to protect" and "deliberate indifference to a serious medical needs" claims; and (2) the defendants have waived any objection by failing to timely respond. (Docs. 43 and 47).

In response, the defendants Ampadu, Rodriguez and Ruddlittle assert that they cannot identify all of the discovery requests raised in plaintiff's motion; they also : (1) note that they were granted an extension of time within which to respond to plaintiff's discovery requests; and (2) medical records the defendants have secured via subpoena will be provided to plaintiff upon payment of the copying cost. (Doc. 44).

Defendants Collins, Cole, Lemansky and Ripiden respond that they timely lodged their

objections and otherwise have produced all records in their possession. (Doc. 49). Defendants explain that they cannot authorize the release of plaintiff's medical records; plaintiff must do so himself. Defendants also question whether plaintiff has actually requested all of the materials he seeks via motion. Defendants Collins, Cole, Lemansky and Ripiden submit copies of plaintiff's discovery requests, which were directed only to them.

Plaintiff has failed to submit copies of the discovery requests at issue, as required by Local Rule 26.1(b)(3). Plaintiff's motion can be denied on that basis alone; however, in the interest of judicial economy and in recognition of plaintiff's pro se status, the Court will address the issues that are fairly presented.

As a preliminary matter, the Court finds that all of the defendants' responses were timely filed; therefore, the defendants did not waive their objections.

Insofar as plaintiff seeks plaintiff's mental health, medical or substance abuse treatment records that are in the possession of defendants Ampadu, Rodriguez and Ruddlittle , the defendants rightfully require that plaintiff pay for the cost of copies. Plaintiff has equal access to such records and can obtain them on his own by paying copying costs, or he can pay the defendants for copies of the documents they have already paid to secure. The Court will not facilitate plaintiff's attempt to shift his litigation expenses to the defendants.

The purported request for documents in defendants' possession regarding their work history, and any prior lawsuits suits, incident reports, reprimands or complaints of misconduct lodged against them is not properly before the Court. Furthermore, the Court observes that the rationale offered by plaintiff for production of those records– as stated– runs afoul of Federal Rule of Evidence 404(b). Thus, the Court will not compel the defendants to comply with this

purported request without evidence of the actual request and a more detailed rationale for the relevance of those documents.

**IT IS HEREBY ORDERED** that, for the aforestated reasons, plaintiff's motion to compel (Doc. 42) is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: March 2, 2010              s/ Clifford J. Proud
                                  **CLIFFORD J. PROUD**
                                  **U. S. MAGISTRATE JUDGE**